Estado Libre Asociado de Puerto Rico
TRIBUNAL DE APELACIONES
PANEL X

| | | |
|---|---|---|
| IVETTE LEBRÓN ECHEVARRÍA, FRANCES LEBRÓN ECHEVARRÍA<br><br>Recurridas<br><br>V.<br><br>LYDIA E. GONZÁLEZ QUIÑONES<br><br>Peticionaria | KLCE202400132 | *Certiorari* procedente del Tribunal de Primera Instancia, Sala Superior de Guayama<br><br>Caso Núm.: GM2023CV00817<br><br>Sobre: Desahucio en Precario |

Panel integrado por su presidenta; la Juez Lebrón Nieves, la Juez Barresi Ramos y la Jueza Santiago Calderón

*Lebrón Nieves, Juez Ponente*

## SENTENCIA

En San Juan, Puerto Rico, a 14 de marzo de 2024.

El 31 de enero de 2024, compareció ante este Tribunal de Apelaciones, la señora Lydia E. González Quiñones (en adelante, señora González Quiñones o parte peticionaria), mediante *Petición de Certiorari.* Por medio de esta, nos solicita que revisemos la *Resolución* emitida y notificada el 22 de enero de 2024, por el Tribunal de Primera Instancia, Sala Superior de Guayama. En virtud del aludido dictamen, el foro *a quo* declaró No Ha Lugar el *Escrito en Cumplimiento de Orden sobre Solicitud de Desestimación al Amparo de la Regla 10.2* presentado por la parte peticionaria, el 19 de enero de 2024.

Por los fundamentos que expondremos a continuación, se expide el auto de *certiorari*, y se revoca el dictamen recurrido.

**I**

Los hechos que suscitaron la controversia de epígrafe se remontan a una *Demanda* sobre desahucio en precario, instada por el señor David Colón Berríos (en adelante, señor Colón Berríos) en contra de la parte peticionaria. Cabe señalar que, en la *Demanda*,

el señor Colón Berríos se presenta en calidad de "mandatario verbal" de la señora Ivette Lebrón Echevarría y la señora Frances Lebrón Echevarría (en adelante y en conjunto, parte recurrida), y bajo ese supuesto instó la misma, además, la acompañó con una *Declaración Jurada* donde aseguraba ser "[e]l representante legal, apoderado y/o mandatario verbal" de estas. Conforme se desprende de las alegaciones de la *Demanda*, la parte recurrida sostuvo que, eran las únicas y universales herederas del señor David Tomás Lebrón Santiago (en adelante, señor Lebrón Santiago) y que, conforme a ello, este último dejó para beneficio de sus herederas, una residencia ubicada en el Barrio Machete, Calle A #3, en el Municipio de Guayama, Puerto Rico. A estos efectos, expresó que la parte recurrida es dueña en pleno dominio y titular de dicha propiedad. La parte recurrida alegó que, la señora González Quiñones se encontraba ocupando la aludida propiedad ilegalmente y de manera precaria sin pagar cánones de renta. Es por lo que, solicitó al foro *a quo* que ordenara el desalojo de la parte peticionaria.

La parte peticionaria presentó la *Moción de Desestimación*. En esencia, alegó que, había estado casada con el señor Lebrón Santiago desde el 24 de mayo de 1995 hasta el 8 de mayo de 2018 cuando se divorciaron. Sostuvo que, luego de dos meses de vivir separada del señor Lebrón Santiago posterior al divorcio, se reanudó la "relación marital" hasta el momento en que el señor Lebrón Santiago falleció el 23 de junio de 2023. Indicó que, durante ese periodo se mantuvieron viviendo en la casa objeto de la controversia de epígrafe. Acotó que, la comunidad de bienes gananciales entre estos no había sido liquidada y que, posteriormente, tanto la parte peticionaria como el señor Lebrón Santiago continuaron aportando al restablecimiento de la propiedad en cuestión. La parte peticionaria, adujo, además que, debido a que existía una comunidad de bienes y a que continuó habitando la propiedad

después del divorcio hasta el fallecimiento del señor Lebrón Santiago, ostentaba un título. Aseguró que, era poseedora con justo título de la propiedad en controversia y que, por ello, no procedía el desahucio.

Posteriormente, la parte recurrida presentó la *Contestación a Moción de Desestimación.* Por medio de esta sostuvo que, no procedía la moción de desestimación presentada por la parte peticionaria. Acotó que, la parte peticionaria no demostró la existencia de una comunidad de bienes entre esta y el señor Lebrón Santiago. Asimismo, adujo que, la señora González Quiñones no ostentaba título "tan bueno o mejor" que el de la parte recurrida, ni había presentado prueba que sostuviese sus alegaciones de justo título.

Subsiguientemente, la parte peticionaria presentó la *Moción de Desestimación por Falta de Legitimación Activa.* A través de su moción, la parte peticionaria arguyó que, el señor Colón Berríos – quien había presentado la *Demanda* en calidad de "mandatario verbal" – carecía de legitimación activa para demandar en la controversia de epígrafe. Lo anterior, debido a que, este no tenía interés propietario en la residencia objeto del litigio, y al haber limitado su alegada autoridad en un mandato verbal, contrario a las disposiciones del Art. 329 del Código Civil de Puerto Rico. Finalmente, expresó que, procedía la desestimación de la *Demanda* por falta de justiciabilidad en la medida que, había ausencia de legitimación activa del señor Colón Berríos.

Por otro lado, la parte peticionaria presentó la *Réplica a Contestación a Moción de Desestimación.* Alegó que, la postura de la parte recurrida era errada y que, era por la participación de la señora González Quiñones y su aportación durante la comunidad ganancial y de la comunidad de bienes que, la acción de desahucio debía desestimarse. Igualmente, añadió que, el hecho de que la

parte peticionaria y el señor Lebrón Santiago no hubiesen dividido su comunidad ganancial, no anulaba la existencia de los créditos y participación que poseía la señora González Quiñones en la inversión económica que aportó durante el matrimonio, así como durante la relación de pareja que sostuvieron posterior al divorcio. De igual manera, reiteró que procedía la desestimación de la *Demanda.*

Así las cosas, la parte recurrida presentó la *Contestaci[ó]n a Moción Desestimación por Falta de Legitimaci[ó]n Activa.* Por medio de esta argumentó que, el señor Colón Berríos comparecía como representante o apoderado de la señora Ivette Lebrón Echevarría y de la señora Frances Lebrón Echevarría mediante el mandato verbal otorgado por parte de estas. Arguyó que, la legitimación activa en la causa de acción recaía en la señora Ivette Lebrón Echevarría y de la señora Frances Lebrón Echevarría, puesto que, el señor Colón Berríos era un apoderado o un mandatario verbal de estas. Por lo anterior, solicitaron al foro primario que declarara No Ha Lugar la *Moción de Desestimación por Falta de Legitimación Activa.*

El 14 de diciembre de 2023, la primera instancia judicial emitió una *Resolución* donde dispuso lo siguiente:

> A la *Moción de Desestimación* presentada por la parte demandada, **NO HA LUGAR**. Si la parte demandada desea presentar una moción de desestimación al amparo de la Regla 10.2 de Procedimiento Civil, debe aceptar los hechos según son alegados en la Demanda. Por otro lado, si la parte demandada interesa presentar prueba alegadamente incontrovertible que no fue alegada en la Demanda debe presentar una moción de sentencia sumaria y cumplir con los requisitos que establece la jurisprudencia. La moción de desestimación presentada el 30 de octubre de 2023 no cumple con ninguna de ellas.

Además, señaló la Conferencia con Antelación a Juicio para el 1ro de febrero de 2024.

Por su parte, la señora González Quiñones presentó el *Escrito en Cumplimiento de Orden sobre Solicitud de Desestimación al*

*Amparo de la Regla 10.2*, donde, entre otras cosas, reiteró que procedía la desestimación de la *Demanda* por falta de legitimación activa. Asimismo, expresó que la *Resolución* emitida el 14 de diciembre de 2023, por el Tribunal de Primera Instancia, nada disponía acerca de la moción de desestimación por falta de legitimación activa.

El 22 de enero de 2024, la primera instancia judicial emitió la *Resolución* cuya revisión nos atiene. En virtud de esta declaró No Ha Lugar el *Escrito en Cumplimiento de Orden sobre Solicitud de Desestimación al Amparo de la Regla 10.2*. El foro *a quo* razonó que, la aludida moción no cumplía con los requisitos jurisprudenciales y de las Reglas de Procedimiento Civil.

En desacuerdo, la parte peticionaria presentó el *Escrito en Solicitud de Reconsideración Reiterando Solicitud de Desestimación al Amparo de la Regla 10.2*. La parte peticionaria adujo que, contrario a la Regla 36 de Procedimiento Civil, la Regla 10.2 no establecía requisitos de forma y redacción, y más aún, tratándose de un asunto de falta de jurisdicción sobre la materia. Sin embargo, la aludida solicitud fue declarada No Ha Lugar mediante *Resolución* emitida el 29 de enero de 2024, por el Tribunal de Primera Instancia.

Inconforme con la determinación, el 31 de enero de 2024, la señora González Quiñones acudió ante este foro revisor mediante *Certiorari*, y esgrimió los siguientes señalamientos de error:

A. Erró el Honorable Tribunal al declarar Sin Lugar la moción de desestimación por falta de legitimación activa y no evaluar su jurisdicción cuando se trata de un mandatario verbal promoviendo el pleito.

B. Erró el Honorable Tribunal al declarar Sin Lugar la solicitud de desestimación cuando por la confusión de derechos procedía por la doctrina jurisprudencial y sin que el caso esté maduro para atenderse el reclamo de desahucio.

Junto a su recurso, la peticionaria presentó el *Escrito en Auxilio de Jurisdicción*. Por medio de este, nos solicitó la paralización

de los procedimientos pendientes ante el tribunal de instancia. Evaluados los aludidos escritos, emitimos *Resolución* el 31 de enero de 2024, en la cual se dispuso:

> Examinado el recurso de *Certiorari*, así como el *Escrito en Auxilio de Jurisdicción* presentado por la parte peticionaria el 31 de enero de 2024 a las 2:00 de la tarde, este Tribunal dispone:
>
> Conforme surge de la moción intitulada *Acreditación de Notificación* presentada por la parte peticionaria el 31 de enero de 2024, la notificación de la petición de *Certiorari*, así como el *Escrito en Auxilio de Jurisdicción* se llevó a cabo mediante correo certificado con acuse de recibo el 31 de enero de 2024. Dicha moción en auxilio de jurisdicción no cumple con la Regla 79 (E) del Reglamento del Tribunal de Apelaciones, 4 LPRA, Ap. XXII-B, que requiere que dicho escrito se notifique simultáneamente a la otra parte con su presentación.
>
> La propia Regla 79 (E) establece que la notificación simultánea se entenderá realizada mediante la utilización de la "notificación personal, por teléfono o correo electrónico, de forma que las partes advengan en conocimiento de la solicitud de orden y del recurso inmediatamente a su presentación".
>
> No obstante lo anterior, en virtud de la Regla 79, incisos (A) y (C) del Reglamento de este Tribunal, que nos faculta para emitir cualquier orden provisional, decretamos *motu proprio* la paralización de los procedimientos en el caso al que se refiere el recurso de epígrafe.
>
> La parte recurrida dispone hasta el **lunes 12 de febrero de 2024, a las 12 del mediodía**, para exponer su posición en torno al recurso. Transcurrido el término aquí dispuesto el recurso se tendrá por perfeccionado para su adjudicación final.

En cumplimiento con lo ordenado, el 12 de febrero de 2024, compareció la parte recurrida mediante *Escrito en Cumplimiento de Resolución y Fijando Posición en Torno al Certiorari Solicitado.*

Perfeccionado el recurso, y con el beneficio de la comparecencia de las partes, resolvemos.

**II**

### A. *El Certiorari*

El certiorari es un recurso extraordinario mediante el cual un tribunal de jerarquía superior puede revisar discrecionalmente una decisión de un tribunal inferior. *Caribbean Orthopedics v. Medshape*

*et al.*, 207 DPR 994, 1004 (2021); *Pueblo v. Rivera Montalvo*, 205 DPR 352, 372 (2020); *Medina Nazario v. McNeil Healthcare LLC*, 194 DPR 723, 728-729 (2016); *IG Builders et al. v. BBVAPR*, 185 DPR 307, 337-338 (2012); *Pueblo v. Díaz de León*, 176 DPR 913, 917 (2009). Ahora bien, tal "discreción no opera en lo abstracto. A esos efectos, la Regla 40 del Reglamento del Tribunal de Apelaciones, 4 LPRA Ap. XXII-B, R. 40, dispone los criterios que dicho foro deberá considerar, de manera que pueda ejercer sabia y prudentemente su decisión de atender o no las controversias que le son planteadas". *Torres Martínez v. Torres Ghigliotty*, 175 DPR 83, 97 (2008); *Pueblo v. Rivera Montalvo*, supra, pág. 372. La precitada Regla dispone lo siguiente:

> El Tribunal tomará en consideración los siguientes criterios al determinar la expedición de un auto de certiorari o de una orden de mostrar causa:
>
> (A) Si el remedio y la disposición de la decisión recurrida, a diferencia de sus fundamentos, son contrarios a derecho.
>
> (B) Si la situación de hechos planteada es la más indicada para el análisis del problema.
>
> (C) Si ha mediado prejuicio, parcialidad o error craso y manifiesto en la apreciación de la prueba por el Tribunal de Primera Instancia.
>
> (D) Si el asunto planteado exige consideración más detenida a la luz de los autos originales, los cuales deberán ser elevados, o de alegatos más elaborados.
>
> (E) Si la etapa de los procedimientos en que se presenta el caso es la más propicia para su consideración.
>
> (F) Si la expedición del auto o de la orden de mostrar causa no causa un fraccionamiento indebido del pleito y una dilación indeseable en la solución final del litigio.
>
> (G) Si la expedición del auto o de la orden de mostrar causa evita un fracaso de la justicia. 4 LPRA Ap. XXII-B, R. 40.

No obstante, "ninguno de los criterios antes expuestos en la Regla 40 del Reglamento del Tribunal de Apelaciones, supra, es determinante, por sí solo, para este ejercicio de jurisdicción, y no

constituye una lista exhaustiva". *García v. Padró*, 165 DPR 324, 327 (2005). Por lo que, de los factores esbozados "se deduce que el foro apelativo intermedio evaluará tanto la corrección de la decisión recurrida, así como la etapa del procedimiento en que es presentada; esto, para determinar si es la más apropiada para intervenir y no ocasionar un fraccionamiento indebido o una dilación injustificada del litigio". *Torres Martínez v. Torres Ghigliotty*, supra, pág. 97.

### B. Moción de Desestimación

La Regla 10.2 de las de Procedimiento Civil, 32 LPRA Ap. V, R. 10.2, faculta a la parte contra la cual se presente una alegación en su contra a presentar una moción de desestimación, por los fundamentos siguientes: 1) falta de jurisdicción sobre la materia; 2) falta de jurisdicción sobre la persona; 3) insuficiencia del emplazamiento; 4) insuficiencia del diligenciamiento del emplazamiento; 5) dejar de exponer una reclamación que justifique la concesión de un remedio, y 6) dejar de acumular una parte indispensable. *Costas Elena y Otros v. Magic Sports y Otros*, 2024 TSPR 13, 213 DPR ___ (2024); *Cobra Acquisitions, LLC v. Mun. Yabucoa et al*, 210 DRP 384 (2022); *Rivera Sanfeliz et al. v. Jta. Dir. FirstBank*, 193 DPR 38, 49 (2015); *Colón Rivera et al. v. ELA*, 189 DPR 1033, 1049 (2013). La precitada regla permite a la parte demandada presentar una moción de desestimación debidamente fundamentada previo a contestar la demanda instada en su contra. *Conde Cruz v. Resto Rodríguez*, 205 DPR 1043 (2020); *Casillas Carrasquillo v. ELA*, 209 DPR 240 (2022).

Asimismo, el Tribunal Supremo de Puerto Rico ha establecido que, al momento de considerar una moción de desestimación, los tribunales están obligados a tomar como ciertos todos los hechos bien alegados en la demanda y, a su vez, considerarlos de la forma más favorable a la parte demandante. *Cobra Acquisitions, LLC v. Mun. Yabucoa et al*, supra, pág. 396; *Casillas Carrasquillo v. ELA*,

supra, pág. 247; *Rivera Sanfeliz et al. v. Jta. Dir. FirstBank,* supra, pág. 49; *Cruz Pérez v. Roldán Rodríguez,* 206 DPR 261, 267 (2021); *Colón Rivera et al. v. ELA,* supra, pág. 1049. Es por lo que, para que proceda una moción de desestimación, "tiene que demostrarse de forma certera en ella que el demandante no tiene derecho a remedio alguno bajo cualquier estado de [D]erecho que se pudiere probar en apoyo a su reclamación, aun interpretando la demanda lo más liberalmente a su favor". *Cobra Acquisitions, LLC v. Mun. Yabucoa et al,* supra, pág. 396; *Casillas Carrasquillo v. ELA,* supra, pág. 247; *Cruz Pérez v. Roldán Rodríguez,* supra, págs. 267-268; *Rivera Sanfeliz, et al. v. Jta. Dir. FirstBank,* supra, pág. 49; *Ortiz Matías et al. v. Mora Development,* 187 DPR 649, 654 (2013*); López García v. López García,* 199 DPR 50, 69-70 (2018).

### C. *Jurisdicción*

Nuestro Tribunal Supremo, ha definido la jurisdicción como el poder que ostentan los tribunales para considerar y decidir los casos y las controversias que sean presentados a su atención. *Beltrán Cintrón v. ELA*, 204 DPR 89 (2020), *Torres Alvarado v Madera Atiles*, 202 DPR 495 (2019); *SLG Solá-Moreno v. Bengoa Becerra*, 182 DPR 675, 682 (2011). Es normativa reiterada que, los tribunales debemos ser celosos guardianes de nuestra jurisdicción, es por lo que, los asuntos relativos a la jurisdicción son privilegiados y deben ser atendidos con prontitud. *Báez Figueroa v. Adm. Corrección*, 209 DPR 288, 298 (2022); *Torres Alvarado v Madera Atiles*, supra, pág. 500; *González v. Mayagüez Resort & Casino*, 176 DPR 848, 856 (2009). La ausencia de jurisdicción puede ser levantada *motu proprio*, ya que, esta incide de forma directa sobre el poder del tribunal para adjudicar una controversia. *Allied Mgmt. Group v Oriental Bank*, 204 DPR 374 (2020); *Torres Alvarado v Madera Atiles*, supra, pág. 500; *Ruiz Camilo v. Trafon Group Inc.,* 200 DPR 254, 268 (2018); *Suffront v. AAA*, 164 DPR 663, 674 (2005).

Por consiguiente, un tribunal no tiene discreción para asumir jurisdicción donde no la hay, si carece de jurisdicción, deberá así declararlo y desestimar la reclamación sin entrar en sus méritos, pues la falta de jurisdicción no es susceptible de ser subsanada. *Yumac Home v. Empresas Massó*, 194 DPR 96, 104 (2015); *AFI v. Carrión Marrero y otros*, 209 DPR 1 (2022); *Mun. De San Sebastián v. QMC Telecom*, 190 DPR 652, 600 (2014); *Suffront v. AAA*, supra, pág. 674; *Cobra Acquisitions LLC v. Mun. Yabucoa*, supra, págs. 394-395.

### D. *Justiciabilidad*

Como es sabido, los tribunales revisores solo podremos resolver los casos que sean justiciables. *Hernández, Santa v. Srio. de Hacienda*, 208 DPR 727 (2022); *Bhatia Gautier v. Gobernador*, 199 DPR 59, 68 (2017); *Asoc. Fotoperiodistas v. Rivera Schatz*, 180 DPR 920 (2011). La doctrina de la justiciabilidad de las causas gobierna el ejercicio de la función revisora de los tribunales, fijando la jurisdicción de estos. Dicha doctrina nace del principio elemental de que los tribunales existen únicamente para resolver controversias genuinas surgidas entre partes opuestas, que tienen un interés real en obtener un remedio judicial que haya de afectar sus relaciones jurídicas. Esto es, para el ejercicio válido del poder judicial se requiere la existencia de un caso o controversia real. *Smyth, Puig v. Oriental Bank*, 170 DPR 73, 75 (2007); *Hernández, Santa v. Srio. de Hacienda*, supra, pág. 738; *Bhatia Gautier v. Gobernador*, supra, pág. 68. Según lo dispuesto por nuestro Máximo Foro, una controversia no es justiciable cuando: (1) se procura resolver una cuestión política; (2) una de las partes carece de legitimación activa; (3) hechos posteriores al comienzo del pleito han tornado la controversia en académica; (4) las partes están tratando de obtener una opinión consultiva; o (5) se intenta promover un pleito que no

está maduro. *Super Asphalt v. AFI y otros*, 206 DPR 803 (2021); *Bhatia Gautier v. Gobernador*, supra, págs. 68-69.

### E. Legitimación Activa

La legitimación activa ha sido definida como "la capacidad que se le requiere a la parte promovente de una acción para comparecer como litigante ante el tribunal, realizar con eficiencia actos procesales y, de esta forma, obtener una sentencia vinculante" *Íd.* pág. 69; *Ramos, Méndez v. García García*, 203 DPR 379, 394 (2019); *Hernández, Santa v. Srio. de Hacienda*, supra, pág. 739. A través de esta doctrina el demandante procura demostrarle al tribunal que su interés en el pleito es "de tal índole que, con toda probabilidad, habrá de proseguir su causa de acción vigorosamente y habrá de traer a la atención del tribunal las cuestiones en controversia". *Sánchez et al. v. Srio. de Justicia et al.*, 157 DPR 360 (2002); *Hernández Agosto v. Romero Barceló*, 112 DPR 407 (1982); *Ramos, Méndez v. García García*, supra, pág. 394.

Para establecer legitimación activa, el promovente deberá mostrar lo siguiente: (1) que ha sufrido un daño claro y palpable; (2) que tal daño es real, inmediato y preciso, no abstracto o hipotético; (3) la existencia de una relación causal razonable entre el daño alegado y la acción ejercitada, y (4) que la causa de acción surge al palio de la Constitución o de alguna ley. *Sánchez et al. v. Srio. de Justicia et al.*, supra, pág. 371; *Bhatia Gautier v. Gobernador*, supra, pág. 69; *Ramos, Méndez v. García García*, supra, págs. 394-395; *Hernández, Santa v. Srio. de Hacienda*, supra, pág. 739.

### F. El poder

Nuestro Código Civil define el poder como "[l]a facultad por la que una persona legitimada para otorgar un determinado negocio jurídico autoriza a otra para que actúe en su nombre, y le imputa al poderdante los efectos jurídicos del negocio jurídico que realice". Art. 326 del Código Civil de Puerto Rico, 31 LPRA sec. 6281.

Cualquier persona capaz podrá otorgar, por medio de la concesión de un poder, su representación para que otra actúe en su nombre. Art. 327 del Código Civil de Puerto Rico, 31 LPRA sec. 6282. Según el Código Civil, no hay ningún requisito de forma dispuesto para el poder, no obstante, el otorgado deberá constar en un instrumento público para realizar un acto que deba extenderse en instrumento público. Así, deberá constar en documento auténtico: "(a) **los poderes para comparecer ante los tribunales, salvo los que se otorguen en favor de abogados autorizados a ejercer la profesión**; (b) los poderes para administrar bienes; y (c) todos aquellos que afecten los derechos de un tercero". Art. 329 del Código Civil de Puerto Rico, 31 LPRA sec. 6284. (*Énfasis suplido*). El poder podrá ser general o especial, es general cuando comprende toda una categoría de negocios del poderdante, y especial cuando abarca a uno o varios negocios determinados. Art. 331 del Código Civil de Puerto Rico, 31 LPRA sec. 6286.

Según el artículo 334 del Código Civil de Puerto Rico, la representación voluntaria se extingue:

(a) por las causas de extinción comunes a los demás negocios jurídicos;

(b) por la revocación del poder. El poderdante puede compeler al apoderado a devolver el documento en que consta el poder;

(c) por la renuncia del apoderado;

(d) por la muerte o la incapacidad sobreviniente del poderdante o del apoderado; o por la disolución de la persona jurídica; sin perjuicio de lo dispuesto en este Código respecto del poder duradero; y

(e) por la declaración de la insolvencia del poderdante o del apoderado.[1]

De igual forma, el apoderado podrá renunciar a ejercer la representación, dando aviso al poderdante, sin embargo, seguirá obligado a representarlo hasta que el poderdante esté en

[1] 31 LPRA sec. 6289.

condiciones de reemplazarlo o de actuar por sí mismo, salvo impedimento grave o justa causa. Art. 337 del Código Civil de Puerto Rico, 31 LPRA sec. 6292.

Esbozada la normativa jurídica que enmarca la controversia de epígrafe, procedemos a aplicarla.

**III**

En la controversia que nos ocupa, la parte peticionaria nos plantea, en esencia, que, el foro primario incidió al declarar No Ha Lugar la moción de desestimación por falta de legitimación activa y al no evaluar su jurisdicción cuando se trata de un mandatario verbal promoviendo el pleito.  Adelantamos que, le asiste la razón. Veamos.

Según reseñáramos, el señor Colón Berríos instó una *Demanda* en contra de la parte peticionaria en calidad de "mandatario verbal" de las señoras Ivette Lebrón Echevarría y Frances Lebrón Echevarría.  Junto a la *Demanda*, el señor Colón Berríos presentó una *Declaración Jurada* donde aseguraba ser "[e]l representante legal, apoderado y/o mandatario verbal" de la parte recurrida.  Posteriormente, la parte peticionaria presentó la *Moción de Desestimación por Falta de Legitimación Activa,* donde sostuvo que, procedía la desestimación de la *Demanda,* en la medida en que el señor Colón Berríos carecía de legitimación activa para demandar en el caso de epígrafe.  Puesto que, este no ostentaba interés propietario en la residencia objeto del litigio, y al haber limitado su alegada autoridad en un mandato verbal, contrario a las disposiciones del Art. 329 del Código Civil de Puerto Rico, *supra.*

Luego de varias incidencias procesales, innecesarias pormenorizar, la señora González Quiñones presentó el *Escrito en Cumplimiento de Orden sobre Solicitud de Desestimación al Amparo de la Regla 10.2* donde, entre otras cosas, reiteró que procedía la desestimación de la *Demanda* por falta de legitimación activa.

Subsiguientemente, el foro primario emitió la *Resolución* cuya revisión nos atiene, en virtud de la cual declaró No Ha Lugar el *Escrito en Cumplimiento de Orden sobre Solicitud de Desestimación al Amparo de la Regla 10.2,* por esta no cumplir con los requisitos jurisprudenciales y de las Reglas de Procedimiento Civil.

De acuerdo al derecho reseñado, la Regla 10.2 de Procedimiento Civil, 32 LPRA Ap. V, R. 10.2, *supra,* faculta a la parte contra la cual se presente una alegación en su contra a presentar una moción de desestimación por falta de jurisdicción sobre la materia. La jurisdicción ha sido definida como el poder que ostentan los tribunales para considerar y decidir los casos y las controversias que sean presentados a su atención[2]. Los tribunales debemos ser celosos guardianes de nuestra jurisdicción, es por lo que, los asuntos relativos a la jurisdicción son privilegiados y deben ser atendidos con prontitud[3]. Por consiguiente, un tribunal no tiene discreción para asumir jurisdicción donde no la hay, si carece de jurisdicción, deberá así declararlo y desestimar la reclamación sin entrar en sus méritos, pues la falta de jurisdicción no es susceptible de ser subsanada[4].

Por otro lado, los tribunales solo podremos resolver los casos que sean justiciables[5]. La doctrina de la justiciabilidad de las causas gobierna el ejercicio de la función revisora de los tribunales, fijando la jurisdicción de estos. Una controversia no es justiciable cuando una de las partes carece de legitimación activa[6]. La legitimación activa es definida como "la capacidad que se le requiere

---

[2] *Beltrán Cintrón v. ELA,* supra, pág. 101; *Torres Alvarado v Madera Atiles,* supra, págs. 499-500; *SLG Solá-Moreno v. Bengoa Becerra,* supra, pág. 682.

[3] *Báez Figueroa v. Adm. Corrección,* supra, pág. 298; *Torres Alvarado v Madera Atiles,* supra, pág. 500; *González v. Mayagüez Resort & Casino,* supra, pág. 856.

[4] *Yumac Home Furniture v. Caguas Lumber Yard,* supra, pág. 107; *AFI v. Carrión Marrero y otros,* supra. pág. 5; *Mun. De San Sebastián v. QMC Telecom,* supra, pág. 600; *Suffront v. AAA,* supra, pág. 674; *Cobra Acquisitions, LLC v. Mun. Yabucoa et al.,* supra, págs. 394-395.

[5] *Hernández, Santa v. Srio. de Hacienda,* supra, pág. 738; *Bhatia Gautier v. Gobernador,* supra, pág. 68.

[6] *Asphalt v. AFI y otros,* supra, pág. 815; *Bhatia Gautier v. Gobernador,* supra, págs. 68-69.

a la parte promovente de una acción para comparecer como litigante ante el tribunal, realizar con eficiencia actos procesales y, de esta forma, obtener una sentencia vinculante"[7]. Para establecer legitimación activa, el promovente deberá mostrar lo siguiente: (1) que ha sufrido un daño claro y palpable; (2) que tal daño es real, inmediato y preciso, no abstracto o hipotético; (3) la existencia de una relación causal razonable entre el daño alegado y la acción ejercitada, y (4) que la causa de acción surge al palio de la Constitución o de alguna ley[8].

A pesar de que el señor Colón Berríos alegaba ser el "mandatario verbal" de las señoras Lebrón Echevarría, este no acreditó tal hecho.  De acuerdo a nuestro ordenamiento jurídico, los poderes para comparecer ante los tribunales, salvo los que se otorguen en favor de abogados autorizados a ejercer la profesión, deberán constar en documento auténtico.  El señor Colón Berríos, aparte de una declaración jurada suscrita por el mismo, no presentó ningún documento que acreditara ser el representante de la parte recurrida, ni tampoco demostró ser un abogado autorizado para ejercer la profesión.  En vista de que el señor Colón Berríos no cumplió con la precitada disposición y no logró demostrar que ostentaba legitimación activa, este se encontraba imposibilitado de instar la *Demanda.*  Consecuentemente, procedía la desestimación de la misma, sin que el foro de primera instancia atendiera la controversia en sus méritos.

Resuelto lo anterior, se torna innecesario discutir el segundo señalamiento de error esbozado por la parte peticionaria.

---

[7] *Íd.* pág. 69; *Ramos, Méndez v. García García*, supra, pág. 394; *Hernández, Santa v. Srio. de Hacienda*, supra, pág. 739.

[8] *Sánchez et al. v. Srio. de Justicia et al.*, supra, pág. 371; *Bhatia Gautier v. Gobernador*, supra, pág. 69; *Ramos, Méndez v. García García*, supra, págs. 394-395; *Hernández, Santa v. Srio. de Hacienda*, supra, pág. 739.

**IV**

Por los fundamentos expuestos, se expide el auto de *certiorari,* se revoca el dictamen recurrido y se desestima la demanda.

Notifíquese.

Lo acordó y manda el Tribunal y certifica la Secretaria del Tribunal de Apelaciones.


Lcda. Lilia M. Oquendo Solís
Secretaria del Tribunal de Apelaciones